UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANIF S. ABDULLAH,<br><br>              Plaintiff,<br><br>     v.<br><br>CARL F. SPECHT,<br><br>              Defendants. | No.  2:13-cv-0446 JAM DAD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983.  This matter is before the court on a motion to dismiss brought on behalf of defendant Chaplain Specht.  Plaintiff has filed an opposition to the motion, and the defendant has filed a reply.  Plaintiff has also filed an unauthorized response to defendant's reply, see Local Rule 230(l), which the defendant has moved to strike.

**BACKGROUND**

Plaintiff is proceeding on his original complaint against defendant Chaplain Specht. Therein, plaintiff alleges that he was at work in the Facility A chapel at California State Prison-Solano and asked defendant Chaplain Specht if he could go to the medical clinic because plaintiff believed that circulation to his left lower extremity had stopped.  According to plaintiff, his foot had gone numb and cold.  Plaintiff alleges that in response to his request defendant Chaplain Specht went into his office and made a telephone call.  When defendant Chaplain Specht came

1

back he told plaintiff he was not going to let him go to the medical clinic and told plaintiff to go back to work. Plaintiff asked defendant Chaplain Specht to call "man down" or summon medical care, but the defendant refused to and returned to his office. Eventually, according to plaintiff, the Facility A sergeant came to the chapel and escorted plaintiff to the medical clinic. The doctor at the clinic could not find a pulse in plaintiff's foot and immediately sent him to Queen of the Valley Medical Center where plaintiff received an intravenous blood thinner to get blood circulating to his foot. Plaintiff claims that the defendant violated his rights under the Eighth and Fourteenth Amendments as well as under state law. In terms of relief, plaintiff requests monetary damages. (Compl. at 5-5A & Attachs.)

## ANALYSIS

I. Motion Pursuant to Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable

/////

1    inferences, or unwarranted deductions of fact.  W. Mining Council v. Watt, 643 F.2d 618, 624
2    (9th Cir. 1981).
3        In general, pro se pleadings are held to a less stringent standard than those drafted by
4    lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe
5    such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).
6    However, the court's liberal interpretation of a pro se complaint may not supply essential
7    elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d
8    266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

9    II.  Discussion

10       In the pending motion to dismiss, defense counsel argues that plaintiff has failed to state a
11   cognizable Eighth Amendment claim because he has not plead sufficient facts to establish that
12   defendant Chaplain Specht's response to plaintiff's medical condition amounted to deliberate
13   indifference.  (Def.'s Mot. to Dismiss at 4-6.)  The court disagrees.  In his complaint, plaintiff
14   alleges that he informed defendant Chaplain Specht that he had a serious medical need, but that
15   the defendant repeatedly refused to authorize him to obtain medical care or summon medical care
16   for him.  Ultimately, plaintiff allegedly needed admission to a hospital and intravenous medical
17   care to restore circulation to his left lower extremity.  (Compl. at 5-5A & Attachs.)
18       On a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but
19   whether the claimant is entitled to offer evidence to support the claims.  Indeed, it may appear on
20   the face of the pleadings that a recovery is very remote and unlikely but that is not the test.  See
21   Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003).  In this case, the court finds that, liberally
22   construed, plaintiff's complaint alleges sufficient facts to plausibly suggest that he is entitled to
23   relief under the Eighth Amendment.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim
24   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
25   reasonable inference that the defendant is liable for the misconduct alleged."); Hebbe v. Pliler,
26   627 F.3d 338, 342 (9th Cir. 2010) ("we continue to construe pro se filings liberally when
27   evaluating them under Iqbal."); al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009) ("'Asking
28   for plausible grounds to infer' the existence of a claim for relief 'does not impose a probability

requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence' to prove that claim."), reversed on other grounds by Ashcroft v. al-Kidd, __ U.S. __, 131 S. Ct. 2074 (2011); Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.").

If plaintiff proves his allegations to be true, he has a reasonable opportunity to prevail on the merits of this action. See Farmer v. Breanan, 511 U.S. 825, 842 (1994) ("a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."); Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (deliberate indifference may manifest "by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed"). Accordingly, defendant's motion to dismiss plaintiff's Eighth Amendment claim for failure to state a cognizable claim should be denied.

Defense counsel also argues that plaintiff has failed to state a cognizable Fourteenth Amendment claim. In this regard, the undersigned agrees. Plaintiff has not alleged any facts in his complaint to support a Fourteenth Amendment claim pursuant to the Due Process or Equal Protection clauses. See, e.g., Sandin v. Conner, 515 U.S. 472 (1995); Wolff v. McDonnell, 418 U.S. 539 (1974); Byrd v. Maricopa County Sheriff's Dep't, 565 F.3d 1205 (9th Cir. 2009). Plaintiff is advised that his claim for inadequate medical care against defendant Chaplain Specht is properly analyzed under the Eighth Amendment Cruel and Unusual Punishment Clause. See County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1187 (9th Cir. 2002). Accordingly, defendant's motion to dismiss plaintiff's Fourteenth Amendment claim for failure to state a cognizable claim should be granted.

**OTHER MATTERS**

As noted above, plaintiff has filed an unauthorized response to defendant's reply, see Local Rule 230(l), which the defendant has moved to strike. Defense counsel is advised that the court did not rely on any part of plaintiff's unauthorized response to defendant's reply in reaching

the findings and recommendations herein.  Accordingly, defendant's motion to strike should be denied as unnecessary.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (Doc. No. 18) be granted as to plaintiff's Fourteenth Amendment claim but denied as to plaintiff's Eighth Amendment claim;

2. Defendant's motion to strike (Doc. No. 26) be denied as unnecessary; and

3. Defendant Chaplain Specht be ordered to file an answer within thirty days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 17, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
abdu0446.57